IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONICA CHRISTINE GORDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAYCOM PAYROLL, LLC and ) <br> CHAD RICHISON, ) <br> ) <br> Defendants. ) | Case No. CIV-25-00669-JD |

**ORDER**

Before the Court is the Motion to Dismiss filed by Defendants Paycom Payroll, LLC and Chad Richison (collectively, "Defendants") [Doc. No. 7]. Plaintiff Monica Christine Gordon ("Plaintiff") filed a Response. [Doc. No. 16]. Defendants filed a Reply. [Doc. No. 17]. For the reasons outlined below, the Court grants Defendants' Motion.

Also before the Court is Plaintiff's Motion for Extension of Time for Filing Complaint [Doc. No. 19], which was filed after the briefing had concluded on Defendants' Motion. Defendants filed a response in opposition. [Doc. No. 20]. Plaintiff then filed a response to Defendant's opposition, which the Court struck as untimely and in violation of the local civil rules. [Doc. Nos. 21, 22]. For the reasons outlined below, the Court denies the Motion for Extension of Time for Filing Complaint.

**I.   BACKGROUND**

Plaintiff, proceeding pro se, initiated this lawsuit on June 17, 2025, alleging violations of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the

Oklahoma Anti-Discrimination Act ("OADA"). [Doc. No. 1 at 3].[1] Plaintiff alleges she received her Notice of Right to Sue (hereinafter referred to as the right-to-sue letter) on March 18, 2025, from the Equal Employment Opportunity Commission ("EEOC"). [*Id.* at 5; *see also* Doc. No. 1-3 at 1 (EEOC notice of right to sue issued on March 18, 2025, stating "**your lawsuit must be filed WITHIN 90 days of your receipt of this notice**. . . . Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.") (emphasis in original); *id.* at 2 ("I filed with the EEOC and received my Notice and Right to Sue on March 18, 2025 from the EEOC.")].

In their Motion, Defendants move to dismiss Plaintiff's claims because Plaintiff filed this case more than ninety days after receiving her right-to-sue letter. [Doc. No. 7 at 5]. Defendants assert that Plaintiff has not established any ground entitling her to equitably toll the deadline. [*Id.* at 6].

## II.   STANDARD OF REVIEW

### A.   Standards for pro se litigants

Because Plaintiff is proceeding pro se, the Court must construe her pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

### B. Standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pled factual allegations in the complaint as true and views the

allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

### III. <u>DISCUSSION</u>

To assert either a Title VII, an ADEA claim, or an OADA claim, a plaintiff must file suit "within [ninety] days" of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA); *see also* 25 Okla. Stat. § 1350(I) (OADA) ("No action may be filed . . . more than ninety (90) days after receiving a Notice of a Right to Sue . . . ."). Accordingly, the time to bring suit is mandated by statute, and the Court does not have discretion to allow suit outside of the ninety-day time-period. *See Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985) ("The right to sue provided in § 2000e–5(f)(1) did not exist at common law but rather was specifically created by Congress. It must be obeyed.").

Plaintiff's receipt of the EEOC right-to-sue letter triggers the beginning of the ninety-day period. *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). "It is well settled that the [ninety]-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is 'a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Because the Court treats the ninety-day period like a statute of limitations, it is an affirmative defense that the Court

may consider upon a motion to dismiss "[i]f the defense appears plainly on the face of the complaint itself." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

Here, Plaintiff undisputedly filed this case outside of the ninety-day window. Plaintiff's complaint states that she received her EEOC right-to-sue letter on March 18, 2025.[2] [Doc. No. 1 at 5]. Accordingly, the last day of the ninety-day statutory period to file suit was June 16, 2025. Plaintiff filed her complaint on June 17, 2025. [*Id.* at 1]. Plaintiff concedes her complaint was untimely. [*See* Doc. No. 16]. Plaintiff asks the Court to toll the deadline because May 26, 2025,[3] was a federal holiday; she had a family emergency six days before receiving the EEOC right-to-sue letter; and a friend, upon whom Plaintiff was relying for legal advice, died during the ninety-day period. [*Id.* at 1–3].

Although the Court does not have discretion to excuse compliance with the statutory time-period for filing suit, the Court may equitably toll the deadline in limited circumstances. *Biester*, 77 F.3d at 1267 ("Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII."). The Court may toll the statutory period in circumstances that "'rise to the level of active deception which might invoke the

---

[2] In her complaint, Plaintiff alleges that she received her right-to-sue letter on March 18, 2025. [Doc. No. 1 at 5]. In her Motion for Extension of Time for Filing Complaint, Plaintiff states that she did not actually see the letter until March 24, 2025, although it was available on the EEOC portal on March 18, 2025. [Doc. No. 19 ¶ 1]. The Court must base its determination of Defendants' Motion on facts pled in Plaintiff's complaint and accordingly cannot consider these additional facts in Plaintiff's Motion for Extension of Time.

[3] Although Plaintiff references May 25, 2025 [*see* Doc. No. 16 at 1], the correct federal holiday for Memorial Day was Monday, May 26, 2025.

powers of equity to toll the limitations period.'" *Id.* (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir. 1979)). Such circumstances include when a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts," or when "a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights." *Id.* (internal quotation marks and citations omitted); *see also Montoya v. Chao*, 296 F.3d 952, 957–58 (10th Cir. 2002) (noting the same standards and recognizing that a "garden variety claim of excusable neglect" is "unworthy of meriting equitable tolling" (citation omitted)).

Plaintiff's circumstances, although regrettable, do not amount to the circumstances described above. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). The Court, therefore, does not toll the statutory period for filing suit for Title VII, ADEA, and OADA claims.

Plaintiff also seeks an extension of time to file her complaint under Federal Rule of Civil Procedure 6(b)(1). [Doc. No. 19 at 4]. Plaintiff's Motion for Extension essentially restates her arguments for the Court to equitably toll the statutory deadline,

which the Court declines to do for the reasons stated above.[4] Additionally, in her Motion for Extension, Plaintiff contends that she did not read the EEOC's right-to-sue letter until March 24, 2025, a fact she did not plead in her complaint. [Doc. No. 19 ¶ 1]. This is different from what Plaintiff pled in her complaint, and the Court looks to the facts pled in the complaint on a motion to dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007) (limiting review to facts alleged in the complaint).[5] The Court therefore denies Plaintiff's Motion.

## IV.   CONCLUSION

For the reasons outlined above, the Court GRANTS Defendants' Motion to Dismiss [Doc. No. 7] and dismisses Plaintiff's claims with prejudice because they are

---

[4] Plaintiff suggests that Juneteenth National Independence Day was on Monday, June 16, 2025, [*see* Doc. No. 19 ¶ 5], but the federal holiday was Thursday, June 19, 2025. *See* U.S. Office of Personnel Management, Federal Holidays, 2025 Holiday Schedule, https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2025 (last visited Nov. 6, 2025).

[5] Alternatively, even if the Court were to consider this additional fact that is not pled, the deadline for filing a lawsuit is calculated from the date the right-to-sue letter was received in Plaintiff's inbox, not from the date Plaintiff read it. *See McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) (deciding ninety-day period began when EEOC emailed plaintiff's counsel that right-to-sue notice was available on EEOC Public Portal); *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (holding ninety-day window to file lawsuit commences with receipt of email with right-to-sue notice attached, not when the party first opens attachment or reads notice); *cf. Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that the plaintiff's Title VII lawsuit was untimely where he filed his complaint "ninety-one days" after his wife received the right-to-sue letter; plaintiff "knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint" and "[t]here had been no showing that this was not sufficient time within which to act").

time-barred.[6] The Court DENIES Plaintiff's Motion for Extension of Time for Filing Complaint. [Doc. No. 19].

IT IS SO ORDERED this 6th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[6] Given the claims are time-barred, any amendment would be futile. *See, e.g.*, *Chase v. Divine*, 543 F. App'x 767, 769 (10th Cir. 2013) (unpublished) ("Because the claims are time-barred, we conclude that amendment would be futile. If a complaint fails to state a claim and amendment would be futile, dismissal with prejudice is appropriate."); *Edwards v. Bay State Milling Co.*, 519 F. App'x 746, 749 & n.4 (3d Cir. 2013) (unpublished) (concluding that the district court "properly granted" the company's motion to dismiss and dismissed the complaint with prejudice where the employment claims were not timely filed, as no "amendment to [the plaintiff's pro se] complaint would save his claims"); *Champaign v. CenturyLink Commc'ns*, Case No. 22-CV-232 KG/SCY, 2023 WL 2308246, at *5–6 & n.6 (D.N.M. Mar. 1, 2023) (concluding that the pro se plaintiff's Title VII religious discrimination claim filed after the ninety-day limit was time-barred and noting dismissal with prejudice is appropriate for time-barred claims).